UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
03-10404-NG

UNITED STATES OF AMERICA

v.

RONALD J. CAVALIERE

**ORDER PURSUANT TO UNITED STATES v. KING,
818 F.2d 112, 115, footnote 3 (1st Cir. 1987)**

February 4, 2004

DEIN, U.S.M.J.

    The defendant is charged in an indictment issued in the Eastern District of Virginia with conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. The case has been transferred to Massachusetts and will be tried in this District.

    The defendant appeared before the undersigned on February 4, 2004 for an initial appearance and an arraignment. He was represented by counsel. The government moved for a detention hearing and seeks detention on the grounds that the defendant is a danger to the community and may constitute a risk of flight. The defendant is currently held in custody serving a sentence imposed by the Massachusetts state courts. He is not eligible for parole until 2008. The government moved for a continuance of the detention hearing until such time as the defendant's release from custody is imminent. The defendant opposes the continuance.

This court finds that good cause for a continuance exists, and that the holding of a detention hearing at this time "could have no real meaning." United States v. King, 818 F.2d 112, 115 n. 3 (1st Cir. 1987) (if accused in state custody objects to a continuance of a detention hearing, "the judicial officer should then assess whether good cause for a continuance exists"). The only relevant inquiry at a detention hearing would be "whether or not an already detained person should be further detained once his prison term is served[.]" Id. However, given the length of the sentence Cavaliere must serve before he is even eligible for parole, it appears that the federal case will be resolved before he is released from state custody. In addition, there would be no point in the court trying to fashion conditions of release where, as here, release is not a feasible option and the conditions could change dramatically before any release could be reasonably anticipated. There is no possibility that Cavaliere's pre-trial detention in this federal case could, at this time, result in "an unfair deprivation of the defendant's liberty[.]" Id. at 114.

Accordingly, the detention hearing in the instant case should be continued until such time as the defendant's release from state custody is imminent. Consequently, it is ORDERED that the detention hearing be, and the same hereby is, CONTINUED until further order of this Court. It is FURTHER ORDERED that the defendant be, and he hereby is, DETAINED pending the detention hearing. See 18 U.S.C. § 3142 ("During a continuance, the defendant shall be detained . . . ."). The U.S. Marshal is ORDERED to lodge a detainer against the defendant with the state authorities on the basis of the within Order.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. § 3145(b).

    / s / Judith Gail Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE