UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 03-cr-10404-NG |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| RONALD CAVALIERE    (02) | ) | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED WITH A SEARCH WARRANT**

The defendant in the above-referenced case complains that he was subjected to a series of illegal searches and seizures and moves that certain property seized on April 17, 2002, at approximately 4:00 p.m. pursuant to a search warrant for the defendant's residence at 9 Wildwood Drive, Milford, MA be suppressed as evidence at any trial. A copy of the Search Warrant, Application and Affidavit In Support of Application for Search Warrant and Return are appended hereto, submitted herewith and incorporated by reference herein. The items the defendant seeks to suppress are listed on the Return, marked "A".

The searches and seizures were illegal for the following reasons:

1.    The search warrant was illegally executed because the law enforcement agents entered the premises without announcement, contrary to the terms of the Search Warrant. Furthermore, the situation encountered by the officers upon execution of the Search Warrant presented no exigencies which could not have been forecasted to the issuing Justice. The defendant requests an evidentiary hearing on this issue.

2.      The search warrant was illegally executed because the law enforcement agents conducted searches and seizures of the defendant's wife, the defendant's guest and the guest's motor vehicle despite the Search Warrant's command that the law enforcement agents did not have the authority to search any person other than the defendant.

3.      Regardless of the legality or illegality of the interception and recording of the defendant's oral and telephonic communications, the Application and Affidavit in Support of the Application for Search Warrant failed to establish probable cause to believe that the defendant's residence was connected to illegal drug transactions or to the storage of any illegal drugs. That Application and Affidavit failed to provide the requisite reliable specific information placing illegal drugs or drug transactions there in the past and failed to provide the requisite reliable specific information to anticipate that illegal drugs would be at the residence at the time of issuance or execution of the search warrant.

4.      The search warrant was illegal because it failed to particularly describe the place to be searched. 9 Wildwood Drive is a two-family residence. Not only did the warrant create a possibility that another premise might be mistakenly searched, a second premise was actually searched during the execution of this search warrant. The defendant requests an evidentiary hearing on this issue.

Wherefore, the defendant submits that this motion to suppress evidence must be allowed because the evidence acquired by the government was done so in violation of the defendant's constitutional rights as enumerated herein and under the Fourth Amendment to the United States Constitution, for the purposes of deterring illegal police conduct,

preserving the defendant's rights to privacy and to be free from unreasonable searches and seizures, and to preserve judicial integrity.

Respectfully submitted,

RONALD CAVALIERE
by his attorney,

/s/ MARK W. SHEA                    Dated:  January 18, 2006
Mark Shea, Esq.
BBO No. 558319
SHEA, LaROCQUE & WOOD, LLP
47 Third Street, Suite 201
Cambridge MA  02141-1265
617.577.8722

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 18, 2006.

/s/ Mark W. Shea
MARK W. SHEA