IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
                                 )
                                 )
                                 )
     v.                          )
                                 )    No. 03-10404-NG
1. MICHAEL GRIFFIN,              )
2. RONALD CAVALIERE              )
3. WILLIAM DAVID VENEY, and      )
4. RICHARD COLLADO,              )
                                 )
          Defendants.            )


                **GOVERNMENT'S MOTION IN LIMINE TO ADMIT**
              **CO-CONSPIRATORS' DIARIES, LEDGER, AND CALENDAR**

     Now comes the United States of America, by its attorneys, Michael J. Sullivan, United States Attorney, and Rachel E. Hershfang and Nathaniel R. Mendell, Assistant U.S. Attorneys, and hereby moves in limine to admit co-conspirators' diaries, ledger, and calendar, and in support thereof states as follows:

     Defendants are charged with conspiring to distribute cocaine and marijuana from no later than January, 2000 through April 17, 2002.  Their conspiracy involved drugs transported from Rodney Mirabal ("Mirabal") to Frank Fister ("Fister").

     Before and throughout the charged conspiracy, Fister used Massachusetts Lawyer's Diaries to keep track of his drug transactions involving Mirabal, the defendants, and Fister's customers.  Fister recorded information in the Lawyer's Diaries, including dates, amounts, prices, and descriptions of drug

                                    1

shipments; dates, amounts, and descriptions of payments to Mirabal and to and from Fister; names of drug suppliers and customers; names of drug transporters and money transporters; information regarding travel and transportation arrangements (e.g., phone numbers, addresses and similar information for rental agencies, hotels, and airlines); and dates and notes of meetings regarding drug trafficking.  The Lawyer's Diaries also contain personal notes and appointments.  The Lawyer's Diaries were seized in 2002.

Mirabal used a ledger and calendars to keep records of his drug trafficking business.  Mirabal used the ledger to record dates, amounts, prices, and descriptions of drug shipments; dates, amounts, and descriptions of payments to Mirabal; identities of drug suppliers and customers; and dates and notes of meetings regarding drug trafficking.  In addition, Mirabal used a calendar to record his travel schedule, his United Airlines work schedule, and names and contact information of United Airlines employees.  The calendar also contains personal information.  Mirabal's ledger and calendar for the year 2002 were seized in 2002.

Both Fister and Mirabal made and maintained the Lawyer's Diaries, ledger, and 2002 calendar (collectively, "the records") in the course of their regularly conducted business activity, and as part of that activity.  It was the regular practice of both

Fister and Mirabal to make and maintain these records, to record events as they occurred, and to record information of which they had personal knowledge or about which they spoke to someone with personal knowledge, such as the defendants.  The records accurately reflect the business activity of the conspiracy, and Fister and Mirabal retained their records from year to year.  For Fister and Mirabal, the Lawyer's Diaries, ledger and calendar were their normal, ordinary way of keeping records.

## ARGUMENT

The Lawyer's Diaries, ledger, and 2002 calendar (collectively, "the records") are admissible business records.  Furthermore, the records are admissible as co-conspirator statements in furtherance of the conspiracy.

I.  The Lawyer's Diaries, ledger, and 2002 calendar are admissible business records.

The Lawyer's Diaries, ledger, and 2002 calendar maintained by Fister and Mirabal while they trafficked marijuana and cocaine are business records admissible under Fed. R. Evid. 803(6).

A document is admissible as a business record if (1) it was made in the course of a regularly conducted business activity; (2) the record was kept in the regular course of that business; (3) the regular practice of that business was to have made the record; and (4) the record was made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.  See Fed. R. Evid. 803(6).

3

Records of drug sales are admissible as business records. See United States v. Lizotte, 856 F.2d 341, 344 (1st Cir. 1988) (regularly kept calendar including daily record of cocaine sales and customers admissible under Rule 803(6)); see also United States v. Kasvin, 757 F.2d 887, 892 (7th Cir. 1985) (drug ledgers admissible as business records under Rule 803(6)) (citing United States v. McPartlin, 595 F.2d 1321, 1349 (7th Cir. 1979) (records no less admissible because they reflect illegal transactions)).

The government intends to introduce evidence from the records, including dates, amounts, prices, and descriptions of drug shipments; dates, amounts, and descriptions of payments to Mirabal and to and from Fister; names of drug suppliers and customers; names of drug transporters and money transporters; information regarding travel and transportation arrangements (e.g., phone numbers, addresses and similar information for rental agencies, hotels, and airlines); and dates and notes of meetings regarding drug trafficking.

The records were, as set forth above, made and maintained by Fister and Mirabal in the course of a regularly conducted business activity; the records were kept in the regular course of that business; it was the regular practice of both Fister and Mirabal to keep the records; and Fister and Mirabal made the records either with knowledge of the transactions or from information transmitted by a person with knowledge of the

4

transactions. Thus, the records are business records admissible under 803(6).

II. **The Lawyer's Diaries, ledger, and 2002 calendar are <u>admissible co-conspirator statements.</u>**

The Lawyer's Diaries, ledger, and 2002 calendar are co-conspirator statements admissible under Fed. R. Evid. 801(d)(2)(E).

A co-conspirator statement is admissible if the court finds, by a preponderance of the evidence, that it "was made by a co-conspirator and was made in furtherance of the conspiracy." <u>United States v. Alosa</u>, 14 F.3d 693, 696-97 (1st Cir. 1994) (affirming admission of a drug ledger pursuant to Rule 801(d)(2)(E)) (citing <u>Boujaily v. United States</u>, 483 U.S. 171 (1987)). In <u>Alosa</u>, the ledger was found in a house containing a "marijuana garden in the cellar and drugs and paraphernalia throughout." These circumstances gave the court ample additional basis (apart from the ledgers themselves) on which to find both that there was a conspiracy, and that the ledgers were made by conspirators in furtherance of it. <u>Id.</u>

Both Fister and Mirabal will testify that they made the records and used them in furtherance of the conspiracy with which the defendants are charged. Furthermore, the Lawyer's Diaries were stored in Frank Fister's office, where he also stored distribution quantities of drugs, received drug deliveries from Mirabal, and made drug deliveries to customers. The ledger and

2002 calendar were seized from Mirabal's vehicle outside Mirabal's house, which contained (among other items) firearms, money counting machines, and vacuum sealed packets of currency hidden behind a panel in the bathroom. Thus, there is ample evidence to conclude that the records are co-conspirator statements made in furtherance of the conspiracy, and the records are admissible under Rule 801(d)(2)(E).

## **CONCLUSION**

Because the Lawyer's Diaries, ledger, and 2002 calendar are business records admissible under Rule 803(6) and co-conspirator statements admissible under Rule 801(d)(2)(E), the government respectfully requests that the evidence be admitted at trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:
/s/ Nathaniel R. Mendell
RACHEL E. HERSHFANG
NATHANIEL R. MENDELL
Assistant U.S. Attorneys

Dated: January 23, 2007

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

/s/ Nathaniel R. Mendell
NATHANIEL R. MENDELL