```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,     )
                              )
          v.                  )
                              )     Criminal No. 03-10404-NG
RONALD J. CAVALIERE,          )
          Defendant.          )
```

**UNITED STATES' MOTION FOR ISSUANCE
OF A PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853, and Rule 32.2 of the Federal Rules of Criminal Procedure. A proposed Preliminary Order is submitted herewith. In support thereof, the United States sets forth the following:

1. On October 28, 2004, a federal grand jury sitting in the District of Massachusetts returned a one count Superseding Indictment charging defendant Ronald J. Cavaliere (the "Defendant"), and others, with Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine and Marijuana, in violation of 21 U.S.C. § 846.

2. The Superseding Indictment also contained a forfeiture allegation, which, as a result of the offenses alleged in Count One of the Superseding Indictment, and pursuant to 21 U.S.C. § 853, sought the forfeiture of any and all property

constituting, or derived from, any proceeds the said Defendant obtained, directly or indirectly, as a result of the charged offenses, and any and all property used or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offenses charged in the Superseding Indictment.

3. On January 9, 2007, at a change of plea hearing, the Defendant pled guilty to Count One of the Superseding Indictment.

4. By virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the charged offense, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offense charged in the Superseding Indictment, including, but not limited to the following:

> Certain real property located at 9 Wildwood Drive, Milford, Massachusetts 01757, said premises being more particularly described in a Deed recorded at the Worcester County Registry of Deeds in Book 15524, Page 145, held in the name of Ronald Cavaliere and Debra Cavaliere (the "Wildwood Drive Property").

5. This Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853(a), which provides that with respect to any person convicted of drug offense punishable by imprisonment for more that one year:

> [t]he Court, in imposing sentence..., shall order...that the person forfeit to the United States all property described in this subsection.

6. Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provides that as soon as is practicable after entering a guilty verdict on any count on which forfeiture is sought in an indictment, the court shall determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture. The court's determination may be based on evidence already in the record, or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict. If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture directing the forfeiture of specific property without regard to any third party's interest in all or part of it. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.

7. Based upon the evidence set forth at the January 9, 2007 plea hearing, the United States has established the requisite nexus between the above-named Wildwood Drive Property and the offenses to which the Defendant has pleaded guilty. In particular, the evidence in this case shows that on at least one

occasion, April 17, 2002, the Defendant used the Wildwood Drive Property to facilitate the conspiracy to possess with intent to distribute and to distribute marijuana by having approximately 300 pounds of marijuana delivered to the Wildwood Drive Property, as alleged in Count One of the Superseding Indictment, to which the Defendant pled guilty.  On that date, according to the evidence presented at the Defendant's plea hearing, the Defendant, his wife, and the individual that delivered the marijuana (identified as Frank Fister) were all located together in the Wildwood Drive Property when the police arrived to effectuate their arrests, shortly after the marijuana was delivered.  Accordingly, the Wildwood Drive Property, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

    8.   By virtue of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Wildwood Drive Property.

    9.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Wildwood Drive Property, and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Wildwood Drive Property in such manner as the

Attorney General may direct, pursuant to 21 U.S.C. § 853(n).

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney,


By: /s/ Kristina E. Barclay
    RACHEL E. HERSHFANG
    KRISTINA E. BARCLAY
    Assistant U.S. Attorneys
    United States Courthouse
    Suite 9200
    1 Courthouse Way
    Boston, MA 02210
Date:    (617) 748-3100

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing United States' Motion for Issuance of a Preliminary Order of Forfeiture and a proposed Preliminary Order of Forfeiture, was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

|  |  |
|---|---|
|  | /s/ Kristina E. Barclay |
|  | Kristina E. Barclay |
| Date: | Assistant U.S. Attorney |