```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
             v.              )
                             )    Criminal No. 03-10404-NG
RONALD J. CAVALIERE,         )
             Defendant.      )
```

## PRELIMINARY ORDER OF FORFEITURE

**GERTNER, D.J.,**

WHEREAS, on October 28, 2004, a federal grand jury sitting in the District of Massachusetts returned a one count Superseding Indictment charging defendant Ronald J. Cavaliere (the "Defendant"), and others, with Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine and Marijuana, in violation of 21 U.S.C. § 846;

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, which, as a result of the offenses alleged in Count One of the Superseding Indictment, and pursuant to 21 U.S.C. § 853, sought the forfeiture of any and all property constituting, or derived from, any proceeds the said Defendant obtained, directly or indirectly, as a result of the charged offenses, and any and all property used or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offenses charged in the Superseding Indictment;

WHEREAS, on January 9, 2007, at a change of plea hearing, the Defendant pled guilty to Count One of the Superseding Indictment;

WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the charged offenses, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offenses charged in the Superseding Indictment, including, but not limited to the following:

> Certain real property located at 9 Wildwood Drive, Milford, Massachusetts 01757, said premises being more particularly described in a Deed recorded at the Worcester County Registry of Deeds in <u>Book</u> 15524, <u>Page</u> 145, held in the name of Ronald Cavaliere and Debra Cavaliere (the "Wildwood Drive Property");

WHEREAS, based upon the evidence set forth at the January 9, 2007 plea hearing, the United States has established the requisite nexus between the above-named Wildwood Drive Property and the offenses to which the Defendant has pleaded guilty;

WHEREAS, the evidence in this case shows that on at least one occasion, April 17, 2002, the Defendant used the Wildwood Drive Property to facilitate the conspiracy to possess with intent to distribute and to distribute marijuana by having approximately 300 pounds of marijuana delivered to the Wildwood Drive Property, and on that date, the Defendant, his wife, and the individual that delivered the marijuana (identified as Frank

2

Fister) were all located together in the Wildwood Drive Property when the police arrived to effectuate their arrests, shortly after the marijuana was delivered, and accordingly, the Wildwood Drive Property, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853; and

WHEREAS, by virtue of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Wildwood Drive Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.   The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the guilty plea and subsequent conviction of the Defendant, that the government has established the requisite nexus between the Wildwood Drive Property and the offenses to which the Defendant pled guilty. Accordingly, all of the Defendant's interests in the Wildwood Drive Property are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

2.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to seize the Wildwood Drive Property and maintain it in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order and of the United States' intent to dispose of the Wildwood Drive Property in such manner as the Attorney General may direct.

4. Pursuant to 21 U.S.C. § 853(n), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Wildwood Drive Property to be forfeited.

5. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Wildwood Drive Property, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Wildwood Drive Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Wildwood Drive Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the

Wildwood Drive Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Wildwood Drive Property.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

Dated: 6/26/07

NANCY GERTNER
United States District Judge

5