UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 03-10404-NG |
| RONALD J. CAVALIERE, | ) |
| Defendant. | ) |
| | ) |
| | ) |
| DEBRA CAVALIERE, | ) |
| Petitioner. | ) |

### SETTLEMENT AGREEMENT

The United States of America, by and through its attorney, and Debra Cavaliere, individually and by her attorney, set forth the following:

WHEREAS, on October 28, 2004, a federal grand jury sitting in the District of Massachusetts returned a one-count Superseding Indictment charging defendant Ronald J. Cavaliere (the "Defendant"), and others, with Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine and Marijuana, in violation of 21 U.S.C. § 846;

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, which, as a result of the offenses alleged in Count One of the Superseding Indictment, and pursuant to 21 U.S.C. § 853, sought the forfeiture of any and all property constituting, or derived from, any proceeds the said Defendant obtained, directly or indirectly, as a result of the charged offenses, and any and all property used or intended to be used, in any manner or part, to commit, and to facilitate the

commission of the offenses charged in the Superseding Indictment;

WHEREAS, on January 9, 2007, at a change of plea hearing, the Defendant pled guilty to Count One of the Superseding Indictment;

WHEREAS, on June 28, 2007, this Court issued a Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853 against the following property:

> Certain real property located at 9 Wildwood Drive, Milford, Massachusetts 01757, said premises being more particularly described in a Deed recorded at the Worcester County Registry of Deeds in Book 15524, Page 145, held in the name of Ronald Cavaliere and Debra Cavaliere (the "Wildwood Drive Property");

WHEREAS, the Wildwood Drive Property is owned by the Defendant and his wife, Debra Cavaliere;

WHEREAS, on August 27, 2007, Debra Cavaliere filed a Petition for Hearing to Adjudicate Interest in Certain Real Property (the Wildwood Drive Property) in this instant criminal case;

WHEREAS, on August 30, 2007, Middlesex Savings Bank filed a petition in the ancillary forfeiture proceeding, asserting a mortgage interest in the Wildwood Drive Property;

WHEREAS, on September 4, 2007, Wainwright Bank and Trust filed a petition in the ancillary forfeiture proceeding, asserting a mortgage interest in the Wildwood Drive Property;

WHEREAS, as of this date, no other party has filed a petition claiming an interest in the Wildwood Drive Property, and

the time within which to do so has expired;

WHEREAS, the United States and Debra Cavaliere desire to reach a full and final settlement of this matter; and

WHEREAS, the proposed settlement is for currency in lieu of the Wildwood Drive Property, and therefore does not affect the interests of claimants Middlesex Savings Bank and Wainwright Bank and Trust.

NOW THEREFORE, it is stipulated and agreed by and between the undersigned parties as follows:

1. Upon execution by all parties, this Agreement shall be filed with the United States District Court for the District of Massachusetts. This Court shall retain jurisdiction to enforce the provisions of this Agreement.

2. Subject to the terms set forth in this Agreement, and in the Final Order of Forfeiture entered by the Court, the parties agree that Petitioner Debra Cavaliere will forfeit to the United States a sum of $140,000 in United States currency (the "Currency"), in lieu of the Wildwood Drive Property. The Currency will be paid as follows:

    (a) within thirty (30) days of the execution of this Agreement, Petitioner Debra Cavaliere shall deliver to the United States a certified, cashier's, or treasurer's check in the amount of $120,000 in United States currency, made payable to the United States

       Marshals Service ("USMS"), and the USMS shall seize and maintain custody and control of such check, in accordance with United States Department of Justice policies regarding the disposition of forfeited property; and

(b) on or before August 1, 2008, Petitioner Debra Cavaliere shall deliver to the United States a certified, cashier's, or treasurer's check in the amount of $20,000 in United States currency, made payable to the USMS, and the USMS shall seize and maintain custody and control of such check, in accordance with United States Department of Justice policies regarding the disposition of forfeited property.

3. Upon receipt of the total $140,000 in United States currency, the United States will move for a Release of the <u>Lis Pendens</u> issued by the United States District Court for the Eastern District of Virginia on October 27, 2003, and recorded at the Worcester County Registry of Deeds, Book 32084, Page 290, on October 29, 2003. Once the Release of <u>Lis Pendens</u> is issued, the United States will forward a certified copy of the Release of <u>Lis Pendens</u> to the appropriate party for recording at the Worcester County Registry of Deeds.

4. In addition, the parties shall file a Joint Motion for Final Order of Forfeiture against the Currency in the United

States District Court for the District of Massachusetts.

5. The parties hereby agree that if Petitioner Debra Cavaliere fails to provide the United States with the full, agreed upon amount of $120,000 within thirty (30) days of the execution of this Agreement, and/or fails to provide the United States with the remaining balance of $20,000 by August 1, 2008, this Agreement shall be null and void, and the United States will proceed with the instant criminal forfeiture action against the Wildwood Drive Property.

6. The Petitioner agrees that she will not engage in any illegal activity at the Wildwood Drive Property or knowingly allow any illegal activity to occur at the Wildwood Drive Property.

7. The Petitioner hereby agrees that, up through the date on which she provides the United States with the $140,000, or, if applicable, through the date on which the Wildwood Drive Property is forfeited to the United States, she: (a) will maintain the Wildwood Drive Property in a safe and reasonable condition and in accordance with all applicable laws; (b) will not further encumber the Wildwood Drive Property in any way without prior agreement by the United States, and then only for the purpose of obtaining a mortgage to provide part or all of the $140,000 to the United States; (c) will maintain adequate insurance on the Wildwood Drive Property, sufficient to cover the equity in the

Wildwood Drive Property, should the Wildwood Drive Property be damaged or destroyed; and (d) will make all payments associated with the Wildwood Drive Property, including, but not limited to, mortgage, utility, insurance and tax payments, which are due or which become due during the relevant time period.  The Petitioner hereby acknowledges and agrees that her making payments associated with the Wildwood Drive Property will not in any way alter the United States' right to forfeit the entire sum of $140,000.

8.    The United States and Petitioner Debra Cavaliere agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all claims arising out of the maintenance, marketing and forfeiture of the Wildwood Drive Property and/or the Currency by the United States.

9.    Petitioner Debra Cavaliere unconditionally releases, indemnifies, and holds harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office, the United States Drug Enforcement Administration, and the United States Marshals Service, as well as any state, county, or local law enforcement agencies whose personnel assisted in the forfeiture proceedings against the Wildwood Drive Property, from

any and all civil claims, including, but not limited to, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the forfeiture proceedings against the Wildwood Drive Property, or the provisions of the instant Settlement Agreement.

10. Without in any way limiting the generality of Paragraph 9, above, Petitioner Debra Cavaliere specifically agrees to waive any and all constitutional claims that she may have arising from or relating in any way to this forfeiture action or the seizure or disposition of the Wildwood Drive Property and/or the Currency, including claims that this forfeiture violates the Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, or any other provision of federal or state constitutional, statutory or common law.

11. All rights of appeal are hereby waived by all parties. Except as otherwise provided in this Agreement, each party shall bear its own fees, including attorneys fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to this forfeiture action.

12. The Petitioner agrees that nothing in this Settlement Agreement shall be construed to satisfy or offset any tax

liability or any other debt owed to the United States by the Petitioner.

13. The Petitioner hereby acknowledges that she is, and has been, represented by competent counsel in connection with the Settlement Agreement, that the provisions of this Settlement Agreement and the legal effects thereof have been explained to her, and that she is entering into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

IN WITNESS WHEREOF, the United States of America, by its attorney, and Debra Cavaliere, individually and by her attorney, hereby execute this Agreement.

| | |
|---|---|
| DEBRA CAVALIERE,<br>By his attorney, | MICHAEL J. SULLIVAN,<br>United States Attorney, |
| By: *(signature)*<br>Robert L. Sheketoff, Esq.<br>One McKinley Square<br>Boston, MA 02109<br>(617) 367-3449 | By: *(signature)*<br>Kristina E. Barclay<br>Assistant U.S. Attorney<br>John Joseph Moakley Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100 |
| Date: 2/8/08 | Date: 2/13/08 |

Debra Cavaliere

*(signature)*
Date: 2/8/08

8