```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,   )
                            )
          v.                )
                            )   Criminal No. 03-10404-~~JGD~~ NG
RONALD J. CAVALIERE,        )
          Defendant.        )
_____)
                            )
DEBRA CAVALIERE,            )
          Petitioner.       )
```

## FINAL ORDER OF FORFEITURE

Gertner, DJ
~~DEIN, M.J.~~,

WHEREAS, on October 28, 2004, a federal grand jury sitting in the District of Massachusetts returned a one count Superseding Indictment charging defendant Ronald J. Cavaliere (the "Defendant"), and others, with Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine and Marijuana, in violation of 21 U.S.C. § 846;

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, which, as a result of the offenses alleged in Count One of the Superseding Indictment, and pursuant to 21 U.S.C. § 853, sought the forfeiture of any and all property constituting, or derived from, any proceeds the said Defendant obtained, directly or indirectly, as a result of the charged offenses, and any and all property used or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offenses charged in the Superseding Indictment;

WHEREAS, on January 9, 2007, at a change of plea hearing, the Defendant pled guilty to Count One of the Superseding Indictment;

WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States submitted that it was entitled to a Preliminary Order of Forfeiture against any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the charged offense, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offense charged in the Superseding Indictment, including, but not limited to the following:

> Certain real property located at 9 Wildwood Drive, Milford, Massachusetts 01757, said premises being more particularly described in a Deed recorded at the Worcester County Registry of Deeds in Book 15524, Page 145, held in the name of Ronald Cavaliere and Debra Cavaliere (the "Wildwood Drive Property");

WHEREAS, based upon the evidence set forth at the January 9, 2007 plea hearing, the United States established the requisite nexus between the above-named Wildwood Drive Property and the offenses to which the Defendant pleaded guilty;

WHEREAS, the evidence in this case showed that on at least one occasion, April 17, 2002, the Defendant used the Wildwood Drive Property to facilitate the conspiracy to possess with intent to distribute and to distribute marijuana by having

2

approximately 300 pounds of marijuana delivered to the Wildwood Drive Property, as alleged in Count One of the Superseding Indictment, to which the Defendant pled guilty;

WHEREAS, according to the evidence presented at the Defendant's plea hearing, the Defendant, his wife, and the individual that delivered the marijuana (identified as Frank Fister) were all located together in the Wildwood Drive Property when the police arrived to effectuate their arrests, shortly after the marijuana was delivered, and accordingly, the Wildwood Drive Property, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853;

WHEREAS, on June 28, 2007, a sentencing hearing was held and the Defendant was sentenced to time served, to be followed by a term of three years supervised release, and in addition, the District Court ordered the Defendant to forfeit his interests in the Wildwood Drive Property to the United States;

WHEREAS, also on June 28, 2007, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Defendant's interests in the Wildwood Drive Property;

WHEREAS, on August 7, 2007, August 14, 2007, and August 21, 2007, a Notice of Order of Forfeiture was published in the Boston Herald newspaper pursuant to 21 U.S.C. § 853(n);

WHEREAS, on August 27, 2007, Debra Cavaliere filed a Petition for Hearing to Adjudicate Interest in Certain Real Property (the Wildwood Drive Property) in the instant criminal case;

WHEREAS, to date, no other claims of interest in the Wildwood Drive Property have been filed with the Court and the time within which to do so has expired;

WHEREAS, the United States and Petitioner Debra Cavaliere now desire to reach a full and final settlement of this matter, and have entered into a Settlement Agreement whereby Petitioner Debra Cavaliere agrees to the forfeiture of $140,000 in United States Currency (the "Currency") in lieu of the Wildwood Drive Property;

WHEREAS, on March 6, 2008, Petitioner Debra Cavaliere delivered to the United States Attorney's Office a check in the amount of $140,000.00 in United States currency, in full satisfaction of the agreed upon $140,000 settlement; and

WHEREAS, the United States and Petitioner Debra Cavaliere now request that the Court issue a Final Order of Forfeiture against the Currency, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Joint Motion for Final Order of Forfeiture for the Currency in lieu of the Wildwood Drive Property is allowed.

2. The Currency is forfeited to the United States.

3. The United States Marshals Service shall dispose of the Currency pursuant to the Settlement Agreement entered into between the United States and Petitioner Debra Cavaliere, and in accordance with United States Department of Justice policies regarding the disposition of forfeited property.

DONE AND ORDERED in Boston, Massachusetts, this __3__ day of ___June___, 2008.

_____
JUDITH G. DEIN
United States Magistrate Judge

Dated: 6/3/08